Filed 2/25/13  P. v. Valencia CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FIFTH APPELLATE DISTRICT**

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>CHRISTOPHER LEAL VALENCIA,<br><br>Defendant and Appellant. | F064509<br><br>(Tulare Super. Ct. No. VCF246808)<br><br>**OPINION** |

-ooOoo-

**THE COURT**\*

APPEAL from a judgment of the Superior Court of Tulare County.  Joseph A. Kalashian, Judge.

Jeff Cunan, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\* Before Poochigian, Acting P.J., Detjen, J. and Franson, J.

## INTRODUCTION

Appellant/defendant Christopher Leal Valencia pleaded no contest to two felony counts: second degree burglary (Pen. Code,[1] § 459) and grand theft (§ 487, subd. (a)). Thereafter, he received a jury trial on a misdemeanor charge of indecent exposure (§ 314, subd. (a)) and was convicted. He was sentenced to two years in prison.

On appeal, his appellate counsel has filed a brief which summarizes the facts, with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) We will affirm.

## FACTS[2]

On the morning of November 5, 2010, defendant entered Quality Jewelers in Visalia. The clerk thought he was acting strange. Defendant asked to see a diamond ring which was in a display case. The ring was worth about $1,000. The clerk removed it from the case and showed it to defendant. Defendant rubbed the diamond ring against his shirt, switched with a ring of his own, and put his own ring back in the display. The clerk chased him, and defendant ran away.

Later that afternoon, defendant walked into a dental clinic in Visalia, spoke to the receptionist, and complained of a toothache. The receptionist referred him to another dental clinic. Defendant turned away from her, and moved his hands as if he was trying to raise the zipper on his pants. Defendant then turned around to face the receptionist. He had lowered his zipper and exposed his sexual organ. When another clerk confronted defendant, he went down to the floor, grabbed his crotch, groaned, and crawled out of the clinic.

---

[1] All further citations are to the Penal Code unless otherwise indicated.

[2] Given the combination of defendant's felony pleas and the trial on the misdemeanor count, the facts are taken from both the trial and the preliminary hearing.

A police officer responded to the clinic and found defendant about two miles away. Defendant said he was wearing underwear and that was the only thing the receptionist could have seen. The officer searched defendant and found the stolen ring.

## PROCEDURAL HISTORY

On January 6, 2011, a complaint was filed in the Superior Court of Tulare County which charged defendant with count I, second degree burglary of Quality Jewelers; count II, grand theft from Quality Jewelers; and count III, misdemeanor indecent exposure (§ 314, subd. (1)).

On April 28, 2011, defendant made a motion to discharge his appointed counsel. The court conducted an in camera hearing and denied the motion. Defense counsel declared a doubt as to defendant's competency, and the court appointed experts pursuant to section 1368.

On June 8, 2011, the court reviewed the experts' reports, found defendant was not competent to stand trial, and suspended criminal proceedings. On June 30, 2011, the court committed defendant to Atascadero State Hospital (Atascadero).

On September 27, 2011, Atascadero issued a certificate of restoration of mental competency. On November 4, 2011, the court found defendant was competent and reinstated criminal proceedings.

On December 8, 2011, defendant pleaded no contest to felony counts I and II, and requested a jury trial for misdemeanor count III.

On December 19, 2011, the jury trial was held for count III, and defendant was found guilty of indecent exposure.

On March 1, 2012, the court sentenced defendant pursuant to the plea agreement to two years for count I, with a concurrent two-year term for count II, with credit for time served. Defendant was ordered to register as a sex offender.

The court imposed a $200 restitution fine pursuant to section 1202.4, subdivision (b), and stayed the $200 restitution fine under section 1202.45. The court imposed a

3.

$120 court security fee (§ 1465.8, subd. (a)(1) [$40 for each count]); a $90 court facility funding assessment (Gov. Code, § 70373, subd. (a)(1) [$30 for each count]; and a $300 fee pursuant to section 290.3.

## DISCUSSION

As noted *ante*, defendant's appellate counsel has filed a *Wende* brief with this court. The brief also includes the declaration of appellate counsel indicating that defendant was advised he could file his own brief with this court. By letter on June 13, 2012, we invited defendant to submit additional briefing. To date, he has not done so.

Defendant has not requested or obtained a certificate of probable cause and therefore cannot challenge the underlying validity of his pleas to counts I and II. (*People v. Panizzon* (1996) 13 Cal.4th 68, 77-79.)

After independent review of the record, we find that no reasonably arguable factual or legal issues exist.

## DISPOSITION

The judgment is affirmed.